UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
CIVIL ACTION NO. 5:16-cv-00041-DCR
*Filed Electronically*

**RE: 427 Earl Street, Danville, Kentucky 40422**

UNITED STATES OF AMERICA,                                    PLAINTIFF

VS.

ESTATE OF DAVID L. POLING, SR., ET AL,                       DEFENDANTS

**PLAINTIFF'S MOTION FOR**
***IN REM* DEFAULT JUDGMENT; JUDGMENT ON**
**THE PLEADINGS; AND ORDER OF SALE**

\* \* \* \* \* \*

Comes the Plaintiff, the United States of America, by and through counsel, pursuant to Fed.R.Civ.P. 12(c) and 55(b)(2) and respectfully moves the Court for *in rem* default judgment against the interests of the Defendants, Estate of David L. Poling, Sr., Unknown Spouse of David L. Poling, Sr., Unknown Heirs of David L. Poling, Sr., Unknown Spouses of Unknown Heirs of David L. Poling, Sr., Jamie E. Poling, Unknown Spouse of Jamie E. Poling, David Lee Poling, Jr., and Unknown Spouse of David Lee Poling, Jr.; and judgment on the pleadings against the interests of the Defendants, Commonwealth of Kentucky, City of Danville, Kentucky, and Central Kentucky Management Services, Inc., in the real property that is the subject matter of this foreclosure action.

In support, the United States avers as follows:

1. This is a mortgage lien interest foreclosure action brought by the United States on behalf of its Department of Agriculture, Rural Development. David L. Poling, Sr. was the government's mortgage debtor and original record title owner of the real property which is the

1

subject matter of this action, located in Boyle County, Kentucky, within jurisdiction of this Court.

2. It appears from the records of the Boyle County Court Clerk that David L. Poling, Sr. delivered to RD a real estate mortgage, which was recorded on May 10, 1995, in Mortgage Book 281, Page 612.

3. David L. Poling, Sr. is now deceased, having died intestate on November 16, 2013. A probate estate was opened for David L. Poling, Sr., case number 13-P-295, in the Boyle District Court. Jamie E. Poling was appointed as administrator of the Estate of David L. Poling, Sr. on December 19, 2013.

4. The Defendants, Estate of David L. Poling Sr., Unknown Spouse of David L. Poling Sr., Unknown Heirs of David L. Poling Sr., Unknown Spouses of Unknown Heirs of David L. Poling Sr., Jamie E. Poling, Unknown Spouse of Jamie E. Poling, and Unknown Spouse of David Lee Poling Jr., were served with notice of this foreclosure action by forwarding Summons and Complaint by certified mail or via appointment of Warning Order Attorney. Said Defendants have not entered an appearance or set forth a defense which would preclude judgment against same, therefore, Default [DE 44] was entered against these Defendants on October 26, 2016.

5. The Defendant, David Lee Poling, Jr., was served notice of this foreclosure action by forwarding Summons and Complaint via appointment of Warning Order Attorney. Said Defendant has not entered an appearance or set forth a defense which would preclude judgment against same, therefore, Default [DE 48] was entered against this Defendant on November 30, 2016.

6. The Defendant, Commonwealth of Kentucky, was alleged to have a potential interest in the subject real property by virtue of Notice of Recoupment Lien of record in Encumbrance Book 54, Page 501 in the Office of the Boyle County Clerk.  The Defendant, Commonwealth of Kentucky, has entered an appearance in this matter by virtue of an Answer [DE 11], filed on March 28, 2016, disclaiming its interest in the subject real property.  Said interest, if any, is inferior in rank and subordinate in priority to the mortgage lien in favor of the Plaintiff, United States of America.

7.  The Defendant, City of Danville, Kentucky, was alleged to have a potential interest in the subject real property by virtue of Code Enforcement Lien of record in Encumbrance Book 56, Page 135 and a Code Enforcement Lien of record in Encumbrance Book 56, Page 408, both in the Office of the Boyle County Clerk.  The Defendant, City of Danville, Kentucky, has entered an appearance in this matter by virtue of an Answer [DE 16], filed on April 4, 2016, and asserted its interest in the subject real property.  Said interest is superior in rank and first in priority to the mortgage lien in favor of the Plaintiff, United States of America.

8.  The Defendant, Central Kentucky Management Services, Inc., was alleged to have a potential interest in the subject real property by virtue of Notice of Judgment Lien of record in Encumbrance Book 29, Page 296 in the Office of the Boyle County Clerk.  The Defendant, Central Kentucky Management Services, Inc., has entered an appearance in this matter by virtue of an Answer [DE 12], filed on March 30, 2016, and asserted its interest in the subject real property.  Said interest is inferior in rank and subordinate in priority to the mortgage lien in favor of the Plaintiff, United States of America.

9. Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Plaintiff moves the Court for entry of judgment by *in rem* default against the interests of the Defendants, Estate of David L. Poling, Sr., Unknown Spouse of David L. Poling, Sr., Unknown Heirs of David L. Poling, Sr., Unknown Spouses of Unknown Heirs of David L. Poling, Sr., Jamie E. Poling, Unknown Spouse of Jamie E. Poling, David Lee Poling, Jr., and Unknown Spouse of David Lee Poling, Jr.; and judgment on the pleadings against the interests of the Defendants, Commonwealth of Kentucky, City of Danville, Kentucky, and Central Kentucky Management Services, Inc.. Plaintiff's claim is for the principal sum of $35,708.77, with accrued interest of $4,328.10 through June 16, 2015, with the total subsidy granted of $41,650.36, escrow in the amount of $417.99, and with fees assessed of $2,096.24, for a total unpaid balance due of $84,201.46. Interest is accruing on the unpaid principal balance at the rate of $8.2657 per day after June 16, 2015, until the date of entry of the judgment, together with interest on the Judgment amount (principal plus interest through the date of Judgment plus the interest credit subsidy granted) at the legal rate of interest in effect as of the date of entry of this Judgment, computed daily and compounded annually until paid in full, as appears from the Affidavit of Rural Development, Foreclosure Representative, Vickie Jones, previously filed herein.

10. Pursuant to Fed.R.Civ.P. 12 (c) the Plaintiff respectfully moves the Court for judgment on the pleadings against the Defendant, Commonwealth of Kentucky, City of Danville, Kentucky and Central Kentucky Management Services, Inc., on grounds that said Defendants have entered an appearance and asserted their interest in the subject real property as set forth above.

THEREFORE, the Plaintiff moves the Court for entry of the *In Rem* Judgment and Order of Sale tendered herewith.

Respectfully submitted,

By: /s/ Melissa R. Dixon
Attorney for the Plaintiff:
R. Scott Wilder/ Melissa R. Dixon
Gambrel & Wilder Law Offices, PLLC
1222 ½ N. Main St. Ste. 2
London, KY 40741
(606) 878-8906/ (606)878-8907

## **CERTIFICATE OF SERVICE**

This will certify that I electronically filed the foregoing into the Court's record of this action by using the Court's CM/ECF Electronic Filing System, and that any order or judgment the United States proposes in connection therewith is an attachment to the filing.

This will further certify that a true and correct copy of the foregoing, together with a copy of any order or judgment the United States proposes in connection therewith, has been served by mailing same to:

Via US postal service:

Estate of David L. Poling, Sr.
c/o Jamie E. Poling, Administrator
440 Smith St.
Danville, KY 4022

Jamie E. Poling
440 Smith St.
Danville, KY 40422

David Lee Poling, Jr.
505 4th St.
Danville, KY 40422

Commonwealth of Kentucky
c/o Kentucky Attorney General
700 Capital Ave., Ste. 118
Frankfort, KY 40601

City of Danville, Kentucky
c/o Mike Perros, Mayor
445 W. Main St.
Danville, KY 40423

Central Ky Management Services, Inc.
c/o John E. Watercutter
2317 Alumni Park Plz., Ste. 200
Lexington, KY 40517

On this the 22nd day of March, 2017.

By: /s/ Melissa R. Dixon
Attorney for the Plaintiff:
R. Scott Wilder/ Melissa R. Dixon
Gambrel & Wilder Law Offices, PLLC